UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Candace Meadows,                          Case No. 3:21-cv-1428

         Plaintiff,

      v.                                          MEMORANDUM OPINION
                                                      AND ORDER

Sports Facilities Management, LLC,

         Defendant.

## I. INTRODUCTION

Defendant Sports Facilities Management, LLC ("SFM") moved for summary judgment on Plaintiff Candace Meadows's state-law claim for negligence. (Doc. No. 19). Meadows opposed the motion, (Doc. No. 22), and SFM filed a brief in reply. (Doc. No. 23). For the reasons stated below, I grant SFM's motion.

## II. BACKGROUND

SFM operates a recreational facility called Cedar Point Sports Center ("CPSC"), in Sandusky, Ohio. CSPC houses amenities for several different athletic activities, such as basketball courts and a rock-climbing wall. On December 22, 2020, Meadows and some of her co-workers went to CSPC to use the rock-climbing wall. (Doc. No. 19-4 at 9). Meadows, like other guests arriving at CSPC, checked in at the facility's front desk, where she electronically signed a Waiver of Release and Liability (the "Waiver") before receiving some basic instructions on rock climbing from the CPSC sports manager, Ryan Ladd. (*Id.* at 12-14). (*See also* Doc. No. 19-1 at 2, 7-8 and Doc. No. 22-3).

Ladd demonstrated to Meadows and her co-workers how to put on a harness and connect it to the auto belay system. (Doc. No. 19-4 at 14-15). (*See also* Doc. No. 19-1 at 3). Ladd also demonstrated how to ascend and descend the wall. (Doc. No. 19-4 at 15).

After Ladd finished the instructions, Meadows and her co-workers selected different climbing walls for their first climbs. Meadows chose to go to a section called the Fireman's Wall, along with seven other individuals. (*Id.* at 17). She climbed an estimated six to eight feet before deciding she did not like the experience and prepared to descend. (*Id.* at 18). Meadows took hold of the rope with her right hand while holding onto the wall with her left. (*Id.*). But when she removed her left hand from the wall to grab onto the rope and continue her descent, she instead fell to the ground. (*Id.*).

Meadows suffered significant injuries during the fall, including a bicondylar fracture of her left tibial plateau. (*Id.* at 4). She had surgery on her leg at a local hospital, where doctors inserted a plate and nine screws. (*Id.* at 24). Meadows required the use of a walker for approximately three months after her surgery before switching to a cane. (*Id.* at 24-25). She estimates she spent five to six months in physical therapy after her surgery and continues to have pain in her leg. (*Id.*).

Meadows filed suit against SFM in the Erie County, Ohio Court of Common Pleas, asserting SFM's negligence caused her injuries. (Doc. No. 1-2). SFM timely removed the case to this court on the basis of diversity jurisdiction,[1] (Doc. No. 1), and now seeks summary judgment.

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare*

---

[1] Meadows is an Ohio resident, (Doc. No. 1-2), while Defendant is a citizen of Florida. (Doc. No. 5-1).

2

*Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

A district court sitting in diversity jurisdiction applies the substantive law of the State in which it sits and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 438 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal."). The parties agree that Ohio law governs in Meadows's negligence claim.

Ohio law requires a plaintiff pursuing a negligence claim to prove the defendant breached a duty the defendant owed to the plaintiff and that the breach was the proximate cause of an injury the plaintiff suffered. *See, e.g., Menifee v. Ohio Welding Prods., Inc.*, 472 N.E.2d 707, 710 (Ohio 1984) (citing *Di Gildo v. Caponi*, 247 N.E.2d 732 (Ohio 1969) and *Feldman v. Howard*, 226 N.E.2d 564 (Ohio 1967)). SFM argues Meadows cannot establish it owed her a duty of care because: (1) she signed an express waiver of liability; (2) Chapter 4175 of the Ohio Revised Code provides defendants with a complete defense against liability; and (3) Meadows assumed the risk of injury and thus Ohio's common law assumption of risk doctrine bars her claim. (*See* Doc. No. 19 at 9). I conclude the Waiver Meadows signed when she first arrived at CSPC requires that summary judgment be entered in SFM's favor.

Under Ohio law, "[a] participant in a recreational activity is free to contract with the proprietor of such activity so as to relieve the proprietor of responsibility for damages or injuries to

the participant caused by the negligence of the proprietor, except when caused by wilful or wanton misconduct[2]." *Cain v. Cleveland Parachute Training Ctr.*, 457 N.E.2d 1185, 1187 (Ohio Ct. App. 1983) (citing cases).  "For express assumption of risk to operate as a bar to recovery, the party waiving his right to recover must make a conscious choice to accept the consequences of the other party's negligence." *Holmes v. Health & Tennis Corp. of Am.*, 659 N.E.2d 812, 813 (Ohio Ct. App. 1995).

The Waiver states in part:

> I, the PARTICIPANT, on behalf of myself, my spouse, heirs, executors, administrators, persona! or legal representatives, assigns and/or anyone entitled to act on my behalf (hereafter referred to as the "Releasing Parties") do hereby waive, release, discharge and covenant not to sue Sports Facilities Management, LLC, CPSC SFM, LLC, Cedar Point Park, LLC, and all owners, directors, officers, officials, managers, employees, volunteers, independent contractors, agents, and equipment suppliers (hereafter referred to as the "Protected Parties") from liability from any and all claims, liabilities, demands, and actions of every name, kind, and nature arising out of my participation in the Activities at CPSC, <u>even though the liability may arise out of negligence or carelessness on the Protected Parties</u>.  This agreement includes, but is not limited to, 1) personal injury (including death) from incidents or illnesses arising from my participation in CPSC Activities including, but not limited to: any recreational, practice, or competitive activity; events; organized or individual training and conditioning activities; individual or group instruction; and individual use of all CPSC facilities, and 2) any and all claims resulting from the damage to, loss of, or theft of my property.

(Doc. No. 22-3 at 1) (emphasis added).

It goes on to state:

> This release includes all injuries and/or damages suffered by me before, during or after participation in the Activities.
>
> . . .
>
> This agreement applies to 1) personal injury (including death) from incidents or illnesses arising from participation in CPSC activities . . . [and] to all facilities, courts, equipment, and all other premises including the associated sidewalks and parking lots . . . .

(*Id.* at 2).

---

[2]  Meadows has not alleged SFM engaged in wilful or wanton misconduct.

4

On the final page, just before the signature block, the Waiver states:

I, the PARTICIPANT, have read and understand this Agreement.  I understand that I am giving up substantial rights, including the right of both the participant and the parent or guardian to sue for damages in the event of death, injury or loss.  I, the PARTICIPANT/PARENT, acknowledge that I am voluntarily signing this agreement, and intend my signature to be <u>a complete release of all liability, including that due to inherent risks or the ordinary negligence by the Protected Parties</u>, to the greatest extent allowed by law of the State of Ohio.

(*Id.* at 3) (emphasis added).

The Waiver contains an explicit release of liability for negligence claims against SFM.  Therefore, I conclude SFM is entitled to summary judgment on Meadows's negligence claim as a matter of law.

Meadows offers two arguments against this conclusion.  The first is that Chapter 4175 of the Ohio Revised Code "effectively abrogates the common law claim of negligence and creates specific conditions under which SFM . . . can be found to have contributory fault for an injury." (Doc. No. 22 at 7).  But Meadows cites no caselaw in support of this argument and the plain language of the statute does not support it.

Under § 4175.06, climbers expressly assume the risk of loss due to falls and equipment failures, among other things.  Ohio Rev. Code § 4175.06.  The assumption of risk section of the statute provides: "The express assumption of risk established in section 4175.06 of the Revised Code serves as a complete defense against liability in a tort or other civil action against a climbing facility operator by a climber for injuries resulting from the assumed risks of climbing enumerated in that section.  The contributory fault provisions of sections 2315.32 to 2315.36 of the Revised Code do not apply unless the operator has breached the operator's duties under section 4175.03 or 4175.08 of the Revised Code."  Ohio Rev. Code § 4175.07.

As SFM notes, Ohio courts consistently follow the rule that "there is no repeal of the common law by mere implication." *Zager v. Johnson Controls, Inc.*, 18 N.E.3d 533, 540 (Ohio Ct. App.

5

2014). And nothing in the statute indicates the Ohio Legislature intended to abrogate common law negligence claims. Thus, this argument lacks merit.

Meadows's second argument is that the Waiver is invalid because the term "Activities" is undefined and therefore it is "clearly ambiguous and subject to different interpretations." (Doc. No. 22 at 7-8). But as Meadows implicitly acknowledges,[3] the Waiver does define "Activities" as "sports and activities" at CSPC. (Doc. No. 22-3 at 1). The fact that the term is defined broadly does not make it ambiguous.

Moreover, even if the term was undefined, "[t]he fact that the parties fail to specifically define a term within the contract does not make the term ambiguous." *State ex rel. Petro v. R.J. Reynolds Tobacco Co.*, 820 N.E.2d 910, 915 (Ohio 2004) (citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 652 N.E.2d 684, 686 (Ohio 1995)).

"A contract is ambiguous when it is susceptible to more than one reasonable interpretation." *Westgate Ford Truck Sales v. Ford Motor Co.*, 25 N.E.3d 410, 414-15 (Ohio Ct. App. 2014) (citation and quotation marks omitted). Despite Meadows's assertion that the term "Activities" is "subject to different interpretations," she has not offered any interpretation of that term other than what is expressly stated in the Waiver. (*See* Doc. No. 22 at 8).

"The intent of the parties to a contract is presumed to reside in the language they chose to employ in the contract . . . ." *Hercules LED, LLC v. Drabiski*, 202 N.E.3d 808, 814 (Ohio Ct. App. 2022) (citation and quotation marks omitted). It is clear from the language of the Waiver that the parties intended to release SFM from liability for any negligent act or omission that led to an injury to Meadows. Therefore, I conclude SFM is entitled to summary judgment in its favor.[4]

---

[3] "The waiver goes so far as to say that anything done at their facility is collectively considered 'Activities' . . . ." (Doc. No. 22 at 8).
[4] Because Defendant's contractual-waiver defense resolves this case, I need not consider the parties' alternate arguments regarding the statutory bar on liability or the primary assumption of risk defense.

6

## V. CONCLUSION

For the reasons stated above, I grant SFM's motion for summary judgment. (Doc. No. 19). I deny the parties' joint motion for a conference, (Doc. No. 27), as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
